JS-6

Boris Zelkind (State Bar No. 214,014)
Boris.Zelkind@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 707-4000
Facsimile:  (858) 707-4001

Steven J. Nataupsky (SBN 155,913)
snataupsky@kmob.com
Ali S. Razai (SBN 246,922)
ali.razai@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff
99¢ ONLY STORES

Thomas M. O'Leary (SBN 126146)
toleary@rmkb.com
Brian C. Vanderhoof (SBN 248511)
bvanderhoof@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY PC
515 South Flower Street Suite 1100
Los Angeles, CA  90071
Telephone: (213) 312-2000;
Facsimile:  (213) 312-2001

Attorneys Defendants EL SUPER 99
d/b/a 99¢ PLUS STORES and AVIEL LEVI

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| 99¢ ONLY STORES, a California corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>EL SUPER 99 d/b/a 99¢ PLUS STORES a California company, AVIEL LEVI, an individual, and DOES 1-10, INCLUSIVE,<br><br>   Defendants. | Civil Action No.<br>CV12-02256 MMM(JEMx)<br><br>**[PROPOSED] FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

1. Plaintiff 99¢ ONLY STORES filed the First Amended Complaint ("FAC") in this action charging EL SUPER 99 D/B/A 99¢ PLUS STORES, AVIEL LEVI, and DOES 1-10, INCLUSIVE (collectively, "Defendants") with false designation of origin, federal trademark infringement, trademark dilution, unfair competition, and related causes of action. The parties have agreed to a settlement of the matters in issue before them and that the Court shall enter the following Final Consent Judgment and Permanent Injunction. IT IS HEREBY STIPULATED, ADJUDGED, and DECREED as follows:

1. This Court has subject matter jurisdiction over this action as well as personal jurisdiction over the parties.

2. Venue is proper in this judicial district.

3. Defendants acknowledge that Plaintiff owns the following valid and enforceable federal trademarks (hereinafter "99¢ Only Stores marks"):

Registration No. 1,395,427 for the mark "ONLY 99¢ ONLY";

Registration No. 1,455,937 for the mark "99¢ ONLY STORES";

Registration No. 1,712,553 for the mark "DRIVER CARRIES 99¢ ONLY";

Registration No. 1,724,475 for the mark "OPEN 9 DAYS A WEEK 9 AM – 9 PM";

Registration No. 1,730,121 for the mark "ONLY 99¢ ONLY";

Registration No. 1,741,928 for the mark "99¢ ONLY STORES & Design";

Registration No. 1,747,549 for the mark "99¢ ONLY";

Registration No. 1,947,809 for the mark "99¢ ONLY STORES";

Registration No. 1,959,640 for the mark "99¢";

Registration No. 2,401,900 for the mark "99¢ ONLY STORES & Design";

Registration No. 2,761,939 for the mark "99 THANKS";

Registration No. 3,132,449 for the mark "HIGHWAY 99";

Registration No. 3,132,450 for the mark "HIGHWAY 99 & Design"; and

///

- 1 -

Registration No. 3,144,871 for the mark "HIGHWAY 99 YOUR ROAD TO GREAT SAVINGS."

4.  The following Federal registrations owned by 99¢ Only Stores ("99¢") have become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and are conclusive evidence of 99¢'s exclusive right to use these marks: Reg. Nos. 1,455,937; 1,712,553; 1,730,121; 1,741,928; 1,747,549; 1,947,809; 1,959,640; and 2,401,900.

5.  99¢ has developed a protectable family of 99¢ Marks that it uses extensively throughout its business and which emphasizes the common "99" element of its family of 99¢ Marks in slogans, promotions, and advertising.

6.  99¢ is the owner of unique, distinctive, and enforceable trade dress, including the overall visual impression created by 99¢'s customary combination of purple, red, pink and/or blue color schemes, the customary colors of the "99¢" and "99¢ ONLY STORES" marks, the pink awnings, and the purple, blue, and green horizontal stripes.

7.  Defendants, including REPUBLIC EQUITIES, INC., d/b/a EL SUPER 99, have operated and continue to operate the retail business at the premises located at 2625 South Western Avenue, Los Angeles, California, 90018, and operated said business under the name "99¢ Plus Stores" from approximately the beginning of February, 2012 through approximately March 17, 2012.

8.  Defendants, including REPUBLIC EQUITIES, INC., d/b/a EL SUPER 99, have misappropriated Plaintiff's trademarks and trade dress in conjunction with Defendants' operation of its El Super 99 store location at 2625 South Western Avenue, Los Angeles, California 90018 (the "Infringing Store") from approximately the beginning of February, 2012 through approximately March 17, 2012. Defendants' operation during said period of the Infringing Store also diluted 99¢'s marks registered in the State of California in violation

of California Business & Professional Code §§ 14245 and 14247. Defendants misappropriation of Plaintiff's trademarks and trade dress during said period also constituted a violation of 15 U.S.C. §1125(a), California Business and Professional Code §17200 et seq., and common law unfair competition.

9. Defendants, including REPUBLIC EQUITIES, INC., d/b/a EL SUPER 99, and their officers, agents, servants, employees, and all those persons in active concert or participation with them who receive actual notice of the injunction, are immediately enjoined and restrained from:

    A. Using, copying, simulating, or in any other way infringing 99¢'s family of federally registered, state registered, and common law service marks, trade names, and trade dress, including, but not limited to, Federal Registration Nos. 1,959,640; 2,401,900; 1,947,809; 1,747,549; 1,741,928; 1,730,121; 1,712,553; 1,455,937; 1,395,427; 2,761,939; 3,132,449; 3,132,450; and 3,144,871; and California State Registration Nos. 23,078; 23,958; 40,745; and 42,970;

    B. Displaying any signage or other business identifiers containing prominently featured characters "99", "99¢", "$.99", or "$0.99" or any characters confusingly similar thereto, including, but not limited to, display on building signs, directional signs, monument signs, banners, advertising media, menus, business cards, and brochures;

    C. Displaying interior signs or advertising using "99," "99¢," "$.99," or "99 cents" unless associated with a product being sold for that price;

    D. Using "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, as the name or part of the name of Defendants' business or corporation;

*1*       E. Using 99¢'s unique and distinctive trade dress, including the overall visual impression created by the combination and arrangement of the elements of 99¢'s customary purple, red, pink and/or blue color schemes, the customary colors of the "99¢" and "99¢ ONLY STORES" marks, the pink awnings, and the purple, blue, and green horizontal stripes;

      F. Using storefront awnings having color hues that are confusingly similar to 99¢'s customary purple, pink, blue, and/or red color hues as the background color of the awnings and signage on its storefront; and

      G. Using oval signs containing confusingly similar signage to 99¢'s federally registered and common law trademarks that are on or visible from the exterior of Defendants' building.

10. The terms in Paragraph 9 shall remain in force in perpetuity.

11. Nothing in the Judgment and Permanent Injunction shall be construed as limiting or restricting Defendants from using the mark 98¢ Plus or from otherwise using the characters and numerals "98", "98¢", "$.98", or "$0.98" as long as otherwise non-infringing, in accordance with paragraph 9 above.

12. The parties affirmatively waive any and all rights to appeal this Final Consent Judgment and Permanent Injunction.

13. THIS COURT SHALL RETAIN JURISDICTION of this action to the extent necessary to ensure full compliance with all obligations imposed by the Permanent Injunction Order, including the enforcement this Stipulated Permanent Injunction by way of contempt or otherwise. The obligations of the parties, as set forth in the Stipulated Permanent Injunction SHALL BE ENFORCED, if necessary, exclusively by this Court.

/ / /

14. This is a final judgment. Subject to this Court's limited retention of jurisdiction as set forth above, all claims filed in this action SHALL BE DISMISSED from this action WITH PREJUDICE.

15. Having addressed each of the claims in this action, this case SHALL BE CLOSED.

After this Consent Judgment has been entered by the Court, 99¢ shall file with the Court a proof of service thereof within ten (10) days thereafter.

**IT IS SO STIPULATED AND AGREED:**

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 28, 2012   By: /s/*Boris Zelkind*
Steven J. Nataupsky
Boris Zelkind
Ali S. Razai

Attorneys for Plaintiff 99¢ ONLY STORES

ROPERS, MAJESKI, KOHN & BENTLEY PC

Dated: September 28, 2012   By: */s/Brian C. Vanderhoof (with permission)*
Brian C. Vanderhoof
Attorney for Defendants EL SUPER 99 d/b/a 99¢ PLUS STORES and AVIEL LEVI

IT IS SO ORDERED AND DECREED, AND FINAL JUDGMENT IS HEREBY ENTERED.

Dated: September 28, 2012           Honorable Margaret M. Morrow
UNITED STATES DISTRICT COURT JUDGE

13777743/081012

- 5 -